UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&G FARMS, INC., a California Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>TULARE FROZEN FOODS, LLC, a California Limited Liability Company; JOSEPH INGRASSIA, an individual; JOHN RICE, and individual; AMINCOR, INC., a Nevada Corporation; and DOES 1 through 50 inclusive,<br><br>  Defendants. | CASE NO. 1:11-CV-0271 AWI MJS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER |

    Plaintiff C&G Farms, Inc. ("C&G"), has made a motion for temporary restraining order against Defendant Tulare Frozen Foods, LLC ("Tulare") based on the Perishable Agricultural Commodities Act ("PACA") which creates a statutory trust for the benefit of growers who sell their produce to dealers of perishable agricultural commodities.  Mike Amaral, Accountant and Bookkeeper of C&G, states and provides documentation that: C&G sold Tulare produce between January 15 and June 15, 2010; the invoices he sent to Tulare included language preserving C&G's PACA trust rights; Tulare verbally acknowledged that it did not have the funds necessary to fully pay C&G for the produce; and the unpaid amount is $195,742.72 in principal and $27,977.60 in contractually set interest.  Dennis Lewis, C&G's attorney, states and provides documentation that: Tulare holds a PACA licence and thus qualifies as a produce dealer; Tulare

1

had a net operating loss of $1.2 million in January-September 2010; Tulare had a stockholder's deficit (liabilities in excess of assets) of $13.3 million as of September 30, 2010; representatives of the Defendants were contacted by telephone on February 15, 2011 to inform them of the filing of this motion for temporary restraining order; and C&G has spent approximately $9,837.00 in attorney's fees and costs on this matter.  This evidence supports the assertions that: C&G is a PACA trust beneficiary in the amount of $233,557.32 and C&G is threatened with irreparable harm in that trust monies are in danger of immediate dissipation.  C&G seeks to have the total sum of $233,557.32 deposited into the registry of the court, pending final resolution of C&G's PACA and California producer's lien claims.

Based on the evidence presented, the court finds that C&G will suffer immediate irreparable injury unless a temporary restraining order is granted.

Therefore, it is ORDERED:

1. This temporary restraining order is entered on February 17, 2011, at 4:30 PM.

2. C&G shall serve a copy of this Order, the Motion for Temporary Restraining Order or Alternatively, Preliminary Injunction, and all associated filings by personal service, including by facsimile transmission or federal express, on or before February 22, 2011.  Such service shall be deemed good and sufficient.

3. Tulare (and any other Defendant who wishes to be heard) shall file any and all responsive papers on or before February 28, 2011 at 11:00 AM.

4. A hearing on C&G's motion for preliminary injunction is scheduled for March 3, 2011 at 10:00AM in Courtroom Two.

5. Tulare may apply to the court for modification or dissolution of the instant Order upon two (2) days' notice to C&G, or upon such shorter notice as the court may allow.

6. The $233,557.32 in PACA trust assets belonging to C&G and in the possession of the Tulare will serve as C&G's security for this temporary restraining order as required by Fed. Rule Civ. Proc. 65(c).

7. Tulare its officers, directors, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them (specifically including

Defendants Joseph Ingrassia, John Rice, and Amincor Inc.) who receive actual notice of this Order are temporarily restrained and enjoined from dissipating, paying, transferring, assigning or selling PACA trust assets up to a total of $233,557.32 whether held as receivables, cash on hand, hard assets, within bank accounts, or held in any other tangible or intangible form.  Tulare is ordered to prepare to deposit $233,557.32 into the registry of the court on March 3, 2011.  In the event Tulare is unable to produce that sum, it must disclose in its responsive filing due February 28, 2011, how much of that total it can produce.

IT IS SO ORDERED.

Dated:     February 17, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE